**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHOLE SANDERS, | Civil Action No. 16-5380 (MAS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| OCEAN COUNTY BOARD OF FREEHOLDERS, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Pro se Plaintiff Michole Sanders brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and other state law claims. The Court previously granted Plaintiff *in forma pauperis* status. (Order, Sept. 27, 2016, ECF No. 5.) At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis actions*). For the reasons stated below, all claims in the Complaint are dismissed.[1]

### I.   FACTUAL BACKGROUND

For the purposes of this Opinion, the Court construes all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. This matter concerns the medical treatment

---

[1] The Court notes that certain defendants have already filed responsive pleadings, including a motion to dismiss, to the Complaint, even though the Court has not yet screened the Complaint nor ordered service of process. (*See* Answer, ECF No. 6; Mot. to Dismiss, ECF No. 15.) Nevertheless, the Court is still required to sua sponte screen the Complaint. In light of the Court's dismissal of all claims, the motion to dismiss is dismissed as moot.

Plaintiff received while incarcerated at the Ocean County Jail ("OCJ") and, later, the South Woods State Prison ("SWSP"), the latter being where Plaintiff is currently confined. The medical treatment seems to have started in May of 2009, after Plaintiff was allegedly assaulted by five individuals that resulted in "a broken left arm, broken left wrist, head and left shoulder injuries." (Compl. 7, ECF No. 1.)

According to the Complaint, Plaintiff was incarcerated at the OCJ from May 24, 2009 to July 30, 2013 as a pretrial detainee. (*See* Compl. 7, 9.) Plaintiff asserts that while he was initially receiving treatment for his injuries during his incarceration, it was eventually determined that he needed surgery on his left shoulder, which the OCJ never provided. (*Id.* at 8.) The exact reason for the refusal of surgery was unclear, but it appears that Plaintiff's own medical insurance company denied his claim.[2] (*Id.*) Plaintiff also asserts that he was not given pain medication, and was told at one time to buy his own medication from the commissary. (*Id.*)

After his transfer to the SWSP, Plaintiff continued to receive treatment for his injuries. He alleges that he received Pamelor/Nortriptyline, and sometimes steroid injections, for his pain. (*Id.* at 9-10.) He was also given Metaprolol/Lopressor for "fast pounding/irregular heart beat and pulse." (*Id.* at 10.) As was the case while at the OCJ, eventually it was determined that Plaintiff required surgery on his left shoulder, and this time, he received the surgery. (*Id.*) Plaintiff alleges that at some point he was told by a physician and a specialist that Pamelor/Nortriptyline was an antidepressant and not used to relieve pain. (*Id.* at 11.) Plaintiff wrote to the manufacturer of Pamelor/Notriptyline and received a package insert from the manufacture regarding the drug. (*Id.* at 12.) The package insert stated that possible side effects of Pamelor/Notriptyline includes "fast

---

[2] The Court is unsure why Plaintiff, a pretrial detainee, was required to have his own medical insurance before receiving treatment from the jail.

2

pounding irregular heart beat and pulse, stiffness in the limbs, depression, agitation and restlessness." (*Id.*) On October 11, 2015, Plaintiff informed the prison that he no longer wish to take Pamelor/Nortriptyline. (*Id.*) The instant suit followed, wherein Plaintiff names nineteen defendants, including officials from the OCJ and the SWSP, Ocean County officials, New Jersey state officials, and various medical contractors who provided medical treatment to Plaintiff.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III. DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

### A. Federal Claims

#### i. Claims against OCJ-related defendants

All of Plaintiff's claims for medical treatment, or the lack thereof, while incarcerated at the OCJ are time-barred. Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.* Under New Jersey state law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Lagano*, 769 F.3d at 859.

The statute of limitations defense is an affirmative defense that the defendants generally must plead and prove. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). While a plaintiff

4

is not required to plead that the claim has been brought within the statute of limitations, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see Stephens*, 796 F.3d at 288.

Here, Plaintiff was transferred out of the OCJ on July 30, 2013. Thus, whatever treatment, ongoing or otherwise, he was receiving from the OCJ and its employees/contractors ended on that date. Given that Plaintiff's claims against OCJ-related defendants are for failure to provide pain medication and refusal to prescribe shoulder surgery, there was nothing preventing Plaintiff from asserting his claims against OCJ-related defendants at least after that date. Therefore, the statute of limitations for Plaintiff's claims against OCJ-related defendants expired two years after that date, or on July 30, 2015. The instant Complaint, dated July 15, 2016, (Compl. 37), was not filed until August 29, 2016, making these claims untimely. As such, all federal claims against the OCJ-related defendants are dismissed without prejudice.

In the interest of justice, within thirty days of the date of entry of the accompanying Order, Plaintiff may submit, along with an amended complaint, arguments as to why the claims against the OCJ-related defendants should be construed as timely. Failure to raise any such argument will result in those claims being dismissed with prejudice.

### ii. Claims against SWSP-related defendants

Next, the Court addresses Plaintiff's federal claims against the SWSP-related defendants. According to the Complaint's allegations, Plaintiff received on-going treatment for his injuries while at SWSP, including all required surgeries. The Court, therefore, construes Plaintiff's federal claims against the SWSP-related defendants as relating only to the alleged improper prescription of Pamelor/Nortriptyline.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 328 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015). Under *Estelle*, in order to state a valid claim for denial of medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Barkes*, 766 F.3d at 321; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011) (citing *Spruill*, 372 F.3d 218, 235 (3d Cir. 2004)).

To satisfy the first prong of the *Estelle* inquiry, the inmate must allege that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an eighth amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain or a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (citations and quotations omitted); *see Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Rand v. New Jersey*, No. 12-2137, 2015 WL 1116310, at *14 (D.N.J. Mar. 11, 2015).

The second element of the *Estelle* test requires an inmate to allege that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (holding

6

that deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Here, Plaintiff does not assert that the SWSP-related defendants deliberately ignored his medical needs. Instead, he merely asserts that their alleged prescription of Pamelor/Nortriptyline for off-label use amounted to deliberate indifference. Off-label use of medicine, however, does not prove deliberate indifference. "Federal law prohibits drug manufacturers from marketing a drug for an off-label purpose, but it does not preclude medical professionals from prescribing a drug for uses that are different than those approved by the FDA." *Cox v. Levenhagen*, No. 12-0320, 2013 WL 3322034, at *5 (N.D. Ind. July 1, 2013) (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001)). "The allegations that the FDA did not approve the alleged off-label use . . . in administering . . . treatment [is] not enough to give rise to a constitutional violation absent allegations of deliberate indifference to [Plaintiff]'s medical needs." *Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 507 (5th Cir. 2013). "[Plaintiff] does not allege or point to circumstances that would suggest that [the doctor] prescribed [treatment] with knowledge that [it] would pose 'a substantial risk of serious harm,' or that such a risk would have

7

been obvious, and that [the doctor] 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Indeed, Plaintiff makes no allegations that any defendant prescribed Pamelor/Nortriptyline deliberately with knowledge of a substantial risk of serious harm, or that it was prescribed with knowledge that it was so ineffective as to constitute no medical treatment at all. While Plaintiff alleges that he suffered from some side effects of Pamelor/Nortriptyline cautioned by the manufacturer, Plaintiff also alleges that he was given medication to treat those side effects. These allegations do not amount to deliberate indifference, and disagreement with a doctor's course of treatment does not state a denial of medical services claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Fantone v. Herbik*, 528 F. App'x 123, 125 (3d Cir. 2013) (quoting *U.S. ex rel. Walker v. Fayette Cty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015).

Because Plaintiff's allegations fail to state a constitutional violation, all claims against supervisors or policy related claims also necessarily fail. *See Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003) (holding that when there are no underlying constitutional violations found, it precludes supervisory and policy-making liability); *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."); *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 406 (W.D. Pa. 2012) ("Because [plaintiffs have not] pled an actionable due process violation, however, there can be no viable claim for policy-making liability as against

8

[supervisors]."). Accordingly, Plaintiff's federal claims against the SWSP-related defendants are dismissed without prejudice. In the interest of justice, within thirty days of the date of entry of the accompanying Order, Plaintiff may amend the Complaint to cure the defects identified herein. Failure to amend will result in the SWSP-related claims being dismissed with prejudice.

### B. State Law Claims

Having dismissed all federal claims in the Amended Complaint, the Court now declines supplemental jurisdiction over Plaintiff's state law claims. Federal law permits the district court, within its discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Indeed, the Third Circuit has used even stronger language to describe the Court's obligations under the provision. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

Considering that this case is still before trial, that the Court has dismissed all of Plaintiff's federal claims, and that no extraordinary circumstances exist to compel the Court to exercise

jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, the Court dismisses those claims without prejudice.

### IV.   CONCLUSION

For the reasons set forth above, all claims in the Complaint are DISMISSED WITHOUT PREJUDICE. Plaintiff shall have thirty days from the date of entry of the accompanying Order to amend the Complaint.[3] The Motion to Dismiss filed by Defendant Prison Health Services, Inc. is DISMISSED as moot.

_____s/ Michael A. Shipp_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: November 2, 2016

---

[3] If Plaintiff files an amended complaint, Defendants are hereby notified that no response should be filed until the Court completes its screening of the amended complaint and orders Defendants to answer.