UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHOLE SANDERS,<br><br>               Plaintiff,<br><br>    v.<br><br>OCEAN COUNTY BOARD OF<br>FREEHOLDERS, et al.,<br><br>               Defendants. | Civil Action No. 16-5380 (MAS) (LHG)<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff Michole Sanders is proceeding, in forma pauperis, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court previously dismissed the Complaint pursuant to its sua sponte authority to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B), but afforded Plaintiff the opportunity to amend the Complaint to cure the defects that were identified. (Order, Nov. 13, 2016, ECF No. 17.) Instead of filing an amended complaint, however, Plaintiff submitted a brief, explaining his disagreement with the Court's decision. (*See* Pl.'s Br., ECF No. 21.) As such, the Court construes the brief as a motion for reconsideration of the Court's previous dismissal.

      To prevail on a motion for reconsideration, the movant must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014).

In the previous opinion, the Court dismissed Plaintiff's claims against defendants from the Ocean County Jail ("OCJ") as time-barred, holding that because Plaintiff was transferred from OCJ to South Woods State Prison ("SWSP") on July 30, 2013, whatever claims he may have had for the denial of medical services against the OCJ defendants began to accrue, at the latest, from that date. (Op. 5, Nov. 13, 2016, ECF No. 16 ("Prior Op.").) As the Complaint was not filed until July 15, 2016, those claims were asserted after the two-year statute of limitations expired, and were therefore untimely. (*Id.*)

In his brief, Plaintiff asserts that his claims did not begin to accrue until April of 2015, because prior to that date, he was under the belief that it was his insurance company that denied his insurance claim, so the OCJ defendants were not at fault for denying him medical care. (Pl.'s Br. 8-9.) According to Plaintiff, he did not discover that the OCJ defendants were liable until April of 2015 because he was a ward of the county/state. (*Id.* at 9.) To support his assertion, Plaintiff cites to the "discovery rule," which states that "a claim does not accrue until the plaintiff 'discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'" *Catena v. Raytheon Co.*, 447 N.J. Super. 43, 52 (App. Div. 2016) (quoting *Lopez v. Swyer*, 62 N.J. 267, 272 (1973)). The discovery rule, however, was created to address the situation where a plaintiff may not recognize that he suffered a legally cognizable *injury in fact* until years after the act that gave rise to the injury had occurred. *See id.* at 53-54. "In general, the date of discovery is when the plaintiff learns or reasonably should learn 'the existence of that *state of facts* which may equate in law with a cause of action.'" *Id.* at 54 (emphasis in the original). A prime example of this is the delayed onset of physical injury stemming from medical malpractice.

2

Here, the allegations in the Complaint clearly show that Plaintiff was well aware *factually* of his injuries—he alleges that he was denied surgery and medication, and the reason given by the OCJ defendants was that the insurance claim submitted to his private medical insurer was denied. (*See* Compl. 8, ECF No. 1.) What Plaintiff was actually ignorant of was the legal doctrine that prison officials *may not* deny a prisoner adequate medical care simply because he cannot afford it. *See Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (finding that an Eighth Amendment denial of medical services claim can be established if the denial was based on a non-medical reason). This is not something that, had Plaintiff exercised reasonable diligence at the time of the denial, he could not discover. Legal ignorance does not invoke the discovery rule; in fact, the law is the opposite. *See Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation . . . does not constitute an extraordinary circumstance triggering equitable tolling"); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Indeed, Plaintiff's argument would allow every plaintiff to bypass a statute of limitations bar by feigning ignorance, an unreasonable outcome. Therefore, the Court denies relief on this ground.

The Court also dismissed, in the previous opinion, Plaintiff's denial of medical services claims against the SWSP defendants, because Plaintiff's alleged cause of action, that prison officials prescribed a certain medication, namely Pamelor/Nortriptyline, for off-label use to treat his pain, did not amount to deliberate indifference. (Prior Op. 7.) As the Court explained, "Plaintiff makes no allegations that any defendant prescribed Pamelor/Nortriptyline deliberately with knowledge of a substantial risk of serious harm, or that it was prescribed with knowledge that it was so ineffective as to constitute no medical treatment at all." (*Id.* at 8.) In response, Plaintiff

simply asserts in his brief additional conclusory allegations that the SWSP defendants deliberately provided inadequate medical care by prescribing Pamelor/Nortriptyline, without any factual allegations to explain *how* Pamelor/Nortriptyline was inadequate, other than that it was used off-label. (*See* Pl.'s Br. 8-11.) There is no factual allegation or evidence that Pamelor/Nortriptyline was objectively and medically deficient for treating pain, or that the side effects of Pamelor/Nortriptyline were so severe that the risks far outweighed the benefits. Indeed, a cursory internet search reveals that Pamelor/Nortriptyline has been used to treat a variety of pain. *See* http://www.everydayhealth.com/drugs/nortriptyline/reviews (last visited Mar. 29, 2017). Even if the Court construes the additional allegations as an attempt to amend the Complaint, Plaintiff merely makes "a formulaic recitation of the elements of a cause of action," and makes no factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Id.* Although the allegations make clear that Plaintiff was very unhappy with his treatment, "a prisoner's subjective dissatisfaction with his medical care does not in itself" give rise to a constitutional claim. *Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015). Accordingly, relief on this ground is also denied. Because Plaintiff makes no valid arguments for reconsideration, his motion is denied.

IT IS therefore on this 21st day of July, 2017,

ORDERED that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

ORDERED that Plaintiff's brief, construed as a motion for reconsideration (ECF No. 21) is hereby **DENIED**;

**ORDERED** that Plaintiff is afforded one last chance to amend the Complaint; Plaintiff shall have thirty (30) days from the date of this Order to amend the Complaint to cure the defects identified herein and specified in the Court's November 3, 2016 Opinion (ECF No. 16);[1] failure to adequately amend the Complaint to cure the defects will result in a dismissal with prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that an amended complaint replaces the original, so the Court will not consider the allegations raised in the original Complaint as being raised by reference in any amended complaints. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 705 n.2 (1982) ("[O]nce accepted, an amended complaint replaces the original.") (Brennan, J., concurring in judgment); *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *3 n.2 (D.N.J. Jan. 6, 2014) ("Plaintiff should note that an amended complaint supersedes prior complaints.") (citing *Snyder*).