**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHOLE SANDERS, | : | |
| Plaintiff, | : | Civil Action No. 16-5380 (MAS) (LHG) |
| v. | : | **MEMORANDUM OPINION** |
| OCEAN COUNTY BOARD OF FREEHOLDERS, et al., | : | |
| Defendants. | : | |

Pro se Plaintiff Michole Sanders brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and other state law claims. The Court previously granted Plaintiff *in forma pauperis* status. (ECF No. 5.) Upon screening pursuant to 28 U.S.C. § 1915(a), the Court dismissed all claims in the Complaint for failure to state a claim upon which relief may be granted, but allowed Plaintiff an opportunity to amend. (ECF No. 17.) Presently before the Court is Plaintiff's Amended Complaint. (ECF No. 27.) It appearing:

1. In the Court's prior opinion, the Court dismissed the claims against the Ocean County Jail ("OCJ") defendants as time-barred. (Op. 4-5, Nov. 2, 2016, ECF No. 16.) The Court also dismissed the claims against the South Woods State Prison ("SWSP") defendants for failure to state a claim because Plaintiff's denial of medical services claims against the SWSP defendants were premised upon his allegation that the SWSP defendants prescribed nortriptyline, an off-label pain medication, to Plaintiff, which did not state a constitutional violation. (Op. 7-8.) The Amended Complaint abandoned Plaintiff's claims against the OCJ defendants but continues to raise denial of medical services claims against the SWSP defendants. (Am. Compl. 18-19.)

2. As the Court previously held, to establish a denial of medical services claim under the Constitution, Plaintiff must show: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. (Op. 6.) Here, Plaintiff asserts that he suffers from a permanent cardiovascular disease as a result of his prolonged off-label use of nortriptyline. (Am. Compl. 9.) As such, his claim is not that the SWSP defendants failed to treat his initial medical need, but rather that in administering the treatment, they were deliberately indifferent to the side effects. As with any other denial of medical services claim, Plaintiff must establish that the condition that formed the basis of his claim, in this case, the side effect, was sufficiently serious to trigger constitutional protection. The Court finds that the allegations satisfy this prong because the side effect, as alleged, was permanent.

3. Because the serious medical condition that triggers the constitutional inquiry is the *permanency* of the side effect, Plaintiff must sufficiently allege that the SWSP defendants were deliberately indifferent to that permanency. The Amended Complaint does not satisfy this prong. To support his claim, Plaintiff submits information about the drug from the drug manufacturer, which shows that cardiovascular conditions are possible side effects. (Am. Compl. 7-8; Ex. to Am. Compl., ECF No. 28.) The Court agrees that these exhibits are sufficient circumstantial evidence, at this stage of the litigation, to establish that the SWSP defendants likely knew of the possible side effects. Nevertheless, they are simply *possible* side effects, and there is no suggestion in the exhibits that the side effects would be permanent. Indeed, as the exhibits state, cardiovascular side effects "have not been reported with this specific drug. However, the pharmacologic similarities [with other drugs] require that each of the reactions be considered when nortriptyline is administered." (*Id.*) Thus, Plaintiff's allegations fall far short of establishing deliberate indifference, because there is no indication that the SWSP defendants knew that

nortriptyline was likely to cause cardiovascular conditions, and even if it did, that the side effects would be permanent. *See Brandt v. Raphael*, No. 13-0533, 2016 WL 1572439, at *8 (N.D.N.Y. Mar. 25, 2016) (finding that mere allegation of permanent side effects is not enough to establish deliberate indifference, stating "[i]ssues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking." (quoting *Hill v. Cucione*, 657 F.3d 116, 123 (2d Cir. 2011)); *Ramirez v. Suliene*, No. 09-0314, 2010 WL 2571363, at *7 (W.D. Wis. June 21, 2010) (finding plaintiff's allegation of severe side effects from his medical treatment insufficient to establish deliberate indifference, stating "the treatment must have been 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" (quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)). Neither the allegations in the Amended Complaint nor the attached exhibits plausibly show the requisite intent, deliberate indifference, from the SWSP defendants.

4. To the extent that the Amended Complaint raises policy and/or conspiracy claims, (*see* Am. Compl. 16-20), those claims necessarily fail because the Court has not found that there was an underlying constitutional violation. *See Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003) (holding that the lack of underlying constitutional violations precludes supervisory and policy-making liability); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 (3d Cir. 1999) (stating that "civil conspiracy requires a separate underlying tort as a predicate for liability").

5. Lastly, to the extent Plaintiff asserts state law tort claims, the Court declines to exercise supplemental jurisdiction over them because all federal claims have been dismissed. *See City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise

jurisdiction over remaining claims unless 'extraordinary circumstances' exist."). The Court notes that under 28 U.S.C. § 1367(d), Plaintiff has 30 days from the date of the accompanying order to file his state law claims in state court to avoid any statute of limitations issues. In the interest of justice, the Court will also provide Plaintiff one final opportunity to amend the pleading to plausibly raise sufficient factual allegations that cure the defects identified herein; failure to cure the defects may result in a dismissal *with prejudice*. *See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (dismissing complaint with prejudice after affording plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: January 18th, 2018

4