UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHOLE SANDERS, | : | |
| | : | Civil Action No. 16-5380 (MAS) (LHG) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| OCEAN COUNTY BOARD OF FREEHOLDERS, et al., | : | |
| Defendants. | : | |

Pro se Plaintiff Michole Sanders brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights, as well as his rights under New Jersey state law. (Compl., ECF No. 1.) The Court previously granted Plaintiff *in forma pauperis* status. (Order, Sept. 27, 2016, ECF No. 5.) Upon screening pursuant to 28 U.S.C. § 1915(a), the Court dismissed all claims in the original complaint for failure to state a claim upon which relief may be granted but allowed Plaintiff the opportunity to amend. (Mem. Op., Nov. 3, 2016, ECF No. 16; Order, Nov. 3, 2016, ECF No. 17.) Plaintiff thereafter filed his First Amended Complaint. (First Am. Compl., ECF No. 27.) The Court again dismissed Plaintiff's claims, finding that he failed to assert a cognizable federal claim and declining supplemental jurisdiction over his remaining state law claims. (Mem. Op., Jan. 17, 2018, ECF No. 29; Order, Jan. 17, 2018, ECF No. 30.) The Court provided Plaintiff one last chance to perfect his federal claims but warned him that failure to do so would result in the dismissal of his federal claims with prejudice. (Mem. Op. ¶ 5, Jan. 17, 2018.) Presently before the Court is Plaintiff's Second Amended Complaint ("SAC"). (Second Am. Compl., ECF No. 33.)

As with the previous pleadings, the claims in Plaintiff's SAC are premised upon the treatment he received for a shoulder injury. (*See generally id.*) Plaintiff alleges that Defendants

prescribed him Pamelor as pain medication for his injury. (*Id.* ¶¶ 23, 44.) Although Plaintiff was informed that the medication would help his pain, he submits that the medication is primarily prescribed as an anti-depressant and thus, was provided to him off-label. (*Id.* ¶¶ 25–26.) Additionally, Plaintiff alleges that the medical staff failed to inform him that possible side effects of Pamelor included cardiovascular issues. (*Id.* ¶¶ 27–28.) He states that only one page of Pamelor's "manufacturer's data sheet" mentioned any potential cardiovascular side effects, and that the "Medication Guide," which apparently accompanies the data sheet, "makes no mention of the fact that taking the medication might result in cardiovascular disease." (*Id.* ¶¶ 25–26.) Plaintiff contends that Defendants withheld the "Medication Guide" from him. (*Id.* ¶ 27.)

As a result of taking Pamelor, Plaintiff states that he now suffers from "a cardiovascular disease" for which he will need to be treated "for the rest of his life." (*Id.* ¶¶ 29–30.) He alleges that if he had known about the potential cardiovascular side effects of Pamelor, he would have "refused that medication and demanded a substitute medication for the treatment of his pain." (*Id.* ¶ 31.) Plaintiff's SAC raises three overarching federal claims: (1) inadequate medical care; (2) lack of informed consent; and (3) conspiracy. (*Id.* ¶¶ 80–96.) He also asserts state law claims of medical malpractice, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id.* ¶¶ 97–115.)

### A. Inadequate Medical Care

Plaintiff first alleges that he received inadequate medical care, in violation of the Eighth Amendment. (*Id.* ¶¶ 80–85.) He submits that Defendants "delayed or refused to provide the proper medical pain treatment" by prescribing him Pamelor rather than an alternative pain medication for his shoulder because "they thought Plaintiff was faking or malingering his illness in order to get high on pain medication." (*Id.* ¶¶ 81, 84.)

2

To state an Eighth Amendment inadequate medical care claim, "a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need." *Bryant v. Kaskie*, 744 F. App'x 39, 41 (3d Cir. 2018); *see also Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A plaintiff can establish deliberate indifference by showing that a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "However, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Bryant*, 744 F. App'x at 41 (alteration in original) (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)); *see also Boyd v. Russo*, 536 F. App'x 203, 205 (3d Cir. 2013) ("[W]e have recognized that courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment.'" (second alteration in original) (quoting *Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979))). Additionally, "[a]llegations of medical malpractice are not sufficient to establish a constitutional violation." *Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020). Allegations of negligence similarly do not rise to the level of deliberate indifference. *Bryant*, 744 F. App'x at 42.

Here, Plaintiff's SAC fails to demonstrate that Defendants were deliberately indifferent to his serious medical need. Defendants did provide Plaintiff with medication for his shoulder pain. (Second Am. Compl. ¶¶ 23, 44.) Although Plaintiff apparently disagrees with Defendants' choice of pain medication, mere disagreement over treatment does not amount to deliberate indifference.

3

*Romero*, 827 F. App'x at 226 ("'[M]ere disagreement as to the proper medical treatment' does not support a claim of an Eighth Amendment violation." (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987))).

Additionally, to the extent Plaintiff may be alleging Defendants exhibited deliberate indifference by failing to inform him of the potential cardiovascular side effects of Pamelor, this allegation also does not rise to the level of deliberate indifference. In *Bryant v. Kaskie*, the Third Circuit found that a medical professional's failure to inform a plaintiff of the potential side effects of a medication is "insufficient to demonstrate deliberate indifference." *Bryant*, 744 F. App'x at 42. The Third Circuit held that such a claim amounted to "simple negligence" and could not "support an Eighth Amendment claim." *Id.* Accordingly, Plaintiff's allegation that Defendants failed to warn him about the potential cardiovascular side effects demonstrates, at best, negligence, and he has not established that Defendants were deliberately indifferent to his serious medical need. *See id.*; *see also Romero*, 827 F. App'x at 226. Accordingly, the Court dismisses Plaintiff's Eighth Amendment inadequate medical care claim for failure to state a claim upon which relief may be granted.

### B. Informed Consent

Plaintiff's SAC also asserts a Fourteenth Amendment lack of consent claim. (Second Am. Compl. ¶¶ 86–92.) He argues that Defendants violated his Fourteenth Amendment right by failing to inform him of the potential side effects of Pamelor. (*Id.* ¶¶ 23, 25–27, 87.) He states that Defendants' failure to provide him with the "Medication Guide" demonstrates their deliberate indifference towards his right to refuse medical treatment. (*Id.* ¶¶ 26–27, 90.)

"[C]onvicted prisoners . . . retain a limited right to refuse treatment and a related right to be informed of the proposed treatment and viable alternatives." *White v. Napoleon*, 897 F.2d 103,

113 (3d Cir. 1990). "Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." *Id.* To establish a violation of a prisoner's right to informed consent, the prisoner must show that "'(1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment.'" *Boyd v. Bergen Cnty. Jail*, No. 07-769, 2012 WL 3821890, at *7 (D.N.J. Sept. 4, 2012) (quoting *Mudey v. United States*, No. 09-1669, 2011 WL 1884796, at *4 (D.N.J. May 18, 2011)); *see Pabon v. Wright*, 459 F.3d 241, 246 (2d Cir. 2006).

Here, Plaintiff fails to demonstrate the third element required to state a Fourteenth Amendment claim: deliberate indifference towards his right to refuse treatment. There is no indication in the Second Amended Complaint that Defendants intentionally hid any information about Pamelor's cardiovascular side effects from Plaintiff. (*See generally* Second Am. Compl.) Although Plaintiff contends that Defendants were deliberately indifferent by failing to provide him with Pamelor's "Medication Guide," Plaintiff readily admits that the "Medication Guide" did not contain *any* information about possible cardiovascular side effects. (*Id.* ¶¶ 26–27.) Thus, even if Defendants had provided Plaintiff with the "Medication Guide," it would not have provided Plaintiff with any information about potential cardiovascular side effects. (*See generally id.*) Moreover, Plaintiff does not allege that Defendants failed to provide him with the manufacturer's data sheet which *did* provide information about possible cardiovascular side effects. (*See generally id.*) Absent any allegations demonstrating that Defendants' were deliberately indifferent towards Plaintiff's right to refuse medical treatment, Defendants' alleged failure to inform Plaintiff

of potential cardiovascular side effects from Pamelor amounts to, at most, medical malpractice or negligence. *See Bryant*, 744 F. App'x at 42. Accordingly, the Court dismisses Plaintiff's informed consent claim for failure to state a claim upon which relief may be granted.

### C. Conspiracy

Finally, as to Plaintiff's conspiracy claim, he submits that Defendants conspired with one another to "cover up" their misuse of Pamelor as a pain medication. (*Id.* ¶ 95.) "'To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights.'" *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (quoting *Jutrowski v. Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018)). Where there is no underlying constitutional violation, however, a conspiracy claim necessarily fails. *Talley v. Varner*, 786 F. App'x 326, 329 (3d Cir. 2019); *see also Harvard*, 973 F.3d at 207–08; *Hamborsky v. O'Barto*, 613 F. App'x 178, 182 (3d Cir. 2015) (holding that an underlying constitutional violation is a "prerequisite for conspiracy liability"). Here, Plaintiff's conspiracy claim must fail because the Court has not found that there is any underlying constitutional violation. *See Talley*, 786 F. App'x at 329. Accordingly, the Court dismisses Plaintiff's conspiracy claim for failure to state a claim upon which relief may be granted.

### D. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines supplemental jurisdiction over the remaining state law claims for the same reasons articulated in the Court's previous opinion. (*See* Mem. Op. ¶ 5, Jan. 17, 2018); *see also City of Pittsburgh Comm'n on Hum. Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." (internal citation omitted)). As the Court has already

warned Plaintiff of the consequences for failure to cure the defects of his pleading after three attempts, his federal claims are dismissed *with prejudice*, and the Second Amended Complaint is dismissed in its entirety. (*See* Mem. Op. ¶ 5, Jan. 17, 2018); *see also Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (dismissing complaint with prejudice after affording plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Hum. Servs. Corp.*, Civ. No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances). The Court notes that although it has dismissed Plaintiff's federal claims with prejudice, it should not be taken as stating an opinion on his state law claims. Pursuant to 28 U.S.C. § 1367(d), Plaintiff may bring his state law claims in state court within thirty (30) days of the date of this Memorandum Opinion and accompanying this Order. *See, e.g., Hedges ex rel. C.D. v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

                                                                               **MICHAEL A. SHIPP**
                                                                               **UNITED STATES DISTRICT JUDGE**